IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT MITCHELL, *et al.*,                    )
                                              )
    Plaintiffs,                        )
                                              )
v.                                            )        Case No. CIV-25-927-D
                                              )
STATE FARM FIRE AND CASUALTY                  )
COMPANY, *et al.*,                            )        (Case Remanded to
                                              )        Cleveland County District
    Defendants.                        )        Court, CJ-25-1117)

**ORDER**

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 12]. Defendant State Farm Fire and Casualty Company ("State Farm") filed a response [Doc. No. 13], to which Plaintiffs filed a reply [Doc. No. 14]. The matter is fully briefed and at issue.

**BACKGROUND**

Plaintiffs owned property located in Cleveland County, Oklahoma, which was at all relevant times insured under a State Farm policy. [Doc. No. 1-8, at p. 6, 23-24]. Plaintiffs purchased the insurance policy through Defendant Jim Evans, d/b/a Jim Evans Insurance Agency Inc. *Id.* at p. 23-24. The property was damaged by a storm on or about "July 9, 2023; September 19, 2023, and potentially dates thereafter." *Id.* at p. 7, 26. Plaintiffs reported a loss to State Farm, and inspections were performed by State Farm adjusters on or about August 21, 2023 and July 12, 2024. *Id.* at p. 7, 24-26.

Plaintiffs allege that State Farm wrongfully denied their insurance claims for the damage. *Id.* at p. 24-29. In addition to their claims against State Farm, they also assert

1

claims against Evans for fraudulent concealment, negligent procurement of insurance, constructive fraud, and negligent misrepresentation. [Doc. No. 1-8].

In support of their negligent procurement claim, they allege that in procuring the policy, Evans "independently selected and calculated full replacement cost coverage" and "conveyed that such full replacement cost coverage limit was accurate . . . and represented 100% of the Insured Property's insurance to value." *Id.* at p. 17. They further assert that prior to the issuance of the policy, Evans did not verify the condition of the property; did not disclose to them that the property was ineligible for the requested replacement cost coverage for any reason; did not advise them that the property had any defect, pre-existing damage, or other condition that would exclude it from replacement cost coverage; and did not disclose to them that the replacement cost value calculated for the property did not in fact represent 100% insurance to value. *Id.* at p. 17-18.

State Farm timely removed the case to this Court. [Doc. No. 1]. In its notice of removal, State Farm alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. *Id*. Although Evans is a non-diverse party, State Farm contends that he was fraudulently joined by Plaintiffs to defeat diversity jurisdiction. *Id.*

Plaintiffs filed the instant Motion, arguing that State Farm cannot meet its "heavy burden" to show fraudulent joinder. [Doc. No. 12].

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual

2

fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, State Farm must establish that federal jurisdiction exists. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden," the party asserting fraudulent joinder must show under the "actual fraud" prong that the plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (internal quotation omitted). Under the "inability to establish a cause of action" prong, the party asserting fraudulent joinder must show that there is no possibility that the plaintiff would be able to establish a cause of action against the purportedly fraudulently joined party in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (internal quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, ... consider the entire record, and determine the basis of joinder by any means

---

[1] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

3

available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The Court may not, however, "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## DISCUSSION

### I.    Inability to State a Cause of Action

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (citation and emphasis omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds...." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895 (emphasis omitted).

Upon careful consideration of the record, the Court finds that State Farm has not met its heavy burden to show – with complete certainty – that Plaintiffs cannot state a

4

negligent procurement claim against Evans in state court.[2] *See Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1250 (W.D. Okla. Feb. 11, 2025) (remanding case involving negligent procurement claim where the plaintiff alleged in part that "State Farm's denial was contrary to the [agents'] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *see also Kyger v. State Farm Fire & Cas. Co.*, 649 F. Supp. 3d 1200, 1202, 1206 (W.D. Okla. 2022) (remanding negligent procurement claim where the plaintiff alleged that "she requested from [her agent] 'full replacement cost coverage for her roof' which was not procured as promised, ... that [the agent] represented that 'there was nothing about the condition of the roof that would preclude full replacement[,]'" and that the agent's representation was "inconsistent with State Farm's denial of her claim because the hail damage '[did] not penetrate the shingle mat.'").

State Farm cites to this Court's decision, *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562 (W.D. Okla. Feb. 21, 2025). However, *Rain Drop* is distinguishable from this case. In *Rain Drop*, the Court found that the agent could not be liable for negligent procurement of the insurance policy. *Id.* at *4. In support of its finding, the Court distinguished *Rain Drop* from other cases in which it was alleged that 1) the insurer denied the claim in part due to preexisting damage; and 2) the "insurance

---

[2] Given this determination, the Court need not address Plaintiffs' fraud and constructive fraud claims against Evans. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.").

5

agent had allegedly underwritten the policy and may have, through negligence or constructive fraud, failed to communicate the consequences of the preexisting damage." *Id*. Here, Plaintiffs alleged both.

Indeed, the Court finds this matter is more similar to *Pruitt v. State Farm Fire & Cas. Co.*, No. CIV-25-43-D, 2025 WL 1030353 (W.D. Okla. Apr. 7, 2025), in which the Court granted the plaintiff's motion to remand. In *Pruitt*, the Court based its determination largely on the plaintiff's assertion that the defendant insurer's denial was in reliance on pre-existing damage, the defendant agent's negligent performance of his procurement duties, and the defendant's failure to show with certainty otherwise. *Id.* at *4. Thus, construing the issues of fact in the plaintiff's favor without pre-trying them, the Court found that the defendant insurer did not carry its heavy burden to show with complete certainty that the plaintiff could not state a negligent procurement claim against the defendant insurance agent. *Id.*

Here, Plaintiffs contend that preexisting damage was the basis for State Farm's policy denial. Further, they allege that Evans was negligent in performing his procurement duties. Thus, the Court finds that this case is less analogous to *Rain Drop*, and more analogous to *Pruitt*, *Kyger*, and *Oliver*, cited above. Upon careful consideration of Plaintiffs' allegations, and construing factual issues in their favor, the Court finds State Farm has failed to show with complete certainty that Plaintiffs cannot establish a negligent procurement claim against Evans in state court. Accordingly, State Farm has not met its "heavy burden" to establish fraudulent joinder.

6

## II. Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, showing actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2. In its notice of removal, State Farm contends that Plaintiffs have engaged in fraud in the pleading of jurisdictional facts. In support, State Farm primarily argues that Plaintiffs' counsel has brought an increasing number of cases against State Farm and other insurers based on identical underwriting failures, and that this is indicative of fraud.

As State Farm is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, as Plaintiffs note, the Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Stacy v. State Farm Fire & Cas. Co.*, No. CIV-22-883-PRW, 2023 WL 11915451, at * 2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie cutter' petitions"); *Pruitt*, 2025 WL 1030353, at *4 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder.") (quotation and citation omitted); *Martin v. Allstate Vehicle & Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his Court, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent

joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Upon consideration, the Court finds that State Farm has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the growing number of similar allegations against State Farm and other insurers. The Court further finds that State Farm's remaining examples of actual fraud – to include its argument that Plaintiffs have failed to allege how the agent is involved in the alleged insurance scheme – instead speak to the merits of their underlying claims, not whether they committed actual fraud in the pleadings. Accordingly, the Court finds that State Farm has insufficiently demonstrated actual fraud in the pleading of jurisdictional facts for purposes of fraudulent joinder.

### CONCLUSION

For the reasons stated herein, the Court finds that Defendant State Farm Fire and Casualty Company has not established fraudulent joinder, and the Court lacks subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 12] is **GRANTED**, and the case is **REMANDED** to the District Court of Cleveland County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Cleveland County. Each side shall bear their own attorneys' fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 22nd day of April, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge